Andrew R. Wulf W.S.B. # 7-5911
Davis & Cannon, LLP
422 W. 26th Street
Cheyenne, WY 82003
(307) 634-3210
(307) 778-7118 (fax)
andrew@davisandcannon.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEIFIELD GROUP CONTRACTING, INC., a Colorado corporation, and its assignee WG LEGAL, INC., a Colorado corporation, | ) ) ) ) ) )   Case No. _____ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FLUOR FEDERAL SOLUTIONS, LLC, a South Carolina limited liability company, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, a Pennsylvania corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

Use Plaintiff, Weifield Group Contracting, Inc. and its assignee WG Legal, Inc. (collectively, "Weifield"), by and through its attorneys brings this case pursuant to 40 U.S.C. § 3131 *et seq.* for the use of Weifield and for its causes of action against Defendants, Fluor Federal Solutions, LLC, ("Fluor") and National Union Fire Insurance Company of Pittsburg, PA (the "Surety"), states and alleges as follows:

## STATEMENT OF PARTIES

1. The United States of America is nominally named as Plaintiff pursuant to 40 U.S.C. § 3133(b).

2. Use Plaintiff Weifield Group Contracting, Inc. is a corporation organized and existing under the laws of Colorado having its principal place of business at 6950 South Jordan Road, Centennial, Colorado 80112

3. WG Legal, Inc., as assignee of Use Plaintiff Weifield Group Contracting, Inc., is a corporation organized and existing under the laws of Colorado having its principal place of business at 1801 California Street, Suite 2700, Denver, Colorado 80202.

4. Upon information and belief, Defendant Fluor is a limited liability company organized and existing under the laws of South Carolina having its principal place of business at 100 Fluor Daniel Drive, Greenville, South Carolina 29607.

5. Upon information and belief, Defendant National Fire is a corporation organized and existing under the laws of Pennsylvania having its principal place of business at 1271 Avenue of the Americas, Floor 37, New York, New York 10020.

## JURISDICTION AND VENUE

6. This is a civil action in which the Court has jurisdiction pursuant to 40 U.S.C. §§ 3131 and 3133 (the "Miller Act") by virtue of the Miller Act payment bond issued by the Surety in relation to a contract of more than $100,000 for the construction of the FE Warren WSF Project for the Federal Government located near Cheyenne, Wyoming (the "Project").

7. This Court has supplemental jurisdiction over the related claims in this Complaint and Jury Demand pursuant to 28 U.S.C. § 1367(a) by virtue of its original jurisdiction under the Miller Act.

8. This action arises out of construction work performed in Wyoming and payment bonds having been issued by the Surety in reference to such construction work. Defendants were, at all times material to the allegations of this Complaint, doing business in Wyoming, and Defendants otherwise failed to perform acts required to be performed by agreement in Wyoming.

9. This Court has personal jurisdiction over the Defendants and each of them because each of the Defendants have established sufficient minimum contacts with the forum, and the exercise of jurisdiction over the Defendants and each of them would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(b) and 40 U.S.C. § 3133(b)(3)(B) because this is a civil action based upon the Miller Act, the United States property at issue is located in Wyoming, and this was the district where the subject contracts at issue were to be performed and executed.

## GENERAL ALLEGATIONS

11. Upon information and belief, on or about December 7, 2018, the United States Army Corps of Engineers awarded a prime contract for the construction of the Project to Fluor (the "Prime Contract"), which work was and is a public building or public work within the meaning of the Miller Act.

12. The Prime Contract is for an amount in excess of $100,000.

13. On or about December 10, 2018, pursuant to the terms of the Prime Contract and the Miller Act, the Defendants duly executed and delivered to the United States of America a payment bond, Bond No. 923637, for the protection of all parties having a direct relationship with the Fluor or a subcontractor of Fluor for all costs and expenses resulting from the supply of any labor, materials, or both in the prosecution of the work provided in the Prime Contract (the

"Payment Bond"). A true and correct copy of the Payment Bond is attached hereto as **Exhibit A** and incorporated herein by this reference.

14. The Payment Bond has a penal sum amount of not less than $145,720,840.02.

15. On or about August 22, 2019, Fluor entered into a subcontract with Weifield for the furnishing of labor and materials for electrical work at the Project for the original sum of $2,159,268.00 (the "Weifield Subcontract").

16. The Weifield Subcontract was modified by executed change orders to $15,239,388.00.

17. During the course of performance of the Weifield Subcontract, Weifield furnished labor and materials as a first tier subcontractor to Fluor in carrying out the work provided for in the Prime Contract and is, therefore, a person protected by the Miller Act and is entitled to make a claim on the Payment Bond.

18. Weifield timely furnished to Fluor all required notifications under the Miller Act, if any.

19. Weifield provided the labor and materials required under the terms of the Weifield Subcontract and fully performed all its obligations under the Weifield Subcontract, but Fluor has failed and refused to make payment to Weifield as required under the Weifield Subcontract.

20. Weifield last performed labor and/or furnished materials under the Weifield Subcontract less than one year from the date of commencement of this action.

21. Despite due and proper demand, Fluor has failed and refused to pay to Weifield all amounts due for work performed by Weifield pursuant to the Weifield Subcontract.

22. On June 13, 2025, Weifield Group Contracting, Inc. assigned its right to receive payment under the Weifield Subcontract to WG Legal, Inc. (the "Assignment").

## FIRST CLAIM FOR RELIEF
### (Miller Act Claim against the Surety and Fluor)

23. Weifield incorporates all preceding paragraphs as if restated here.

24. Pursuant to the Miller Act, the Surety and Fluor, as principal, executed the Payment Bond required by the Miller Act under which the Defendants in their respective capacities as principal and sureties, bound themselves jointly and severally, upon condition that Fluor would promptly make payment to all persons supplying labor, materials, or both in the prosecution of the work provided for in the Prime Contract and that work subcontracted to Fluor by Weifield, as such agreements were modified from time to time.

25. Weifield performed labor for and supplied material to Fluor with the good faith belief that such labor and materials were intended for use on the Project.

26. The sum of not less than $4,527,223.00 is due and owing and unpaid for the labor and materials furnished by Weifield to Fluor for the Project.

27. Fluor breached the terms of the Weifield Subcontract by failing to pay Weifield for the amounts due and owing Weifield under the Weifield Subcontract.

28. Fluor has not paid Weifield the principal sum of $4,527,223.00, the amount owed to Weifield by Fluor. By refusing and failing to pay amounts due and owing to Weifield, Fluor and the Surety breached their payment obligations under the terms of the Payment Bond.

29. Weifield performed all of its material obligations pursuant to the terms of the Weifield Subcontract or performance was waived or excused by the actions and conduct of Fluor.

30. Defendants and each of them breached the terms of the Payment Bond by failing to pay Weifield the amounts owed under the Weifield Subcontract.

31. The Defendants are jointly and severally liable to Weifield to the extent of the penal sums of their respective undertakings.

32. All conditions precedent to Weifield's recovery under the Payment Bond have been performed, satisfied, waived and/or excused.

33. The Assignment gives WG Legal, Inc. the right to pursue this First claim for Relief as assignees of Weifield Group Contracting, Inc.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract Claim against Fluor)

34. Weifield incorporates all preceding paragraphs as if restated here.

35. Weifield performed all material obligations required of it under the Weifield Subcontract, or alternatively, has been excused from performance by Fluor's acts, representations, and/or conduct.

36. All conditions precedent to Weifield's recovery under the Weifield Subcontract have been performed, satisfied, waived and/or excused.

37. As a result, Fluor has a duty to pay Weifield all amounts due under the Weifield Subcontract.

38. Fluor materially breached the Weifield Subcontract by failing and/or refusing to pay Weifield all amounts due under the Weifield Subcontract.

39. As a direct and proximate result of Fluor's material breaches of the Weifield Subcontract, Weifield has suffered the substantial damages in an amount to be proven at trial, but not less than $4,527,223.00, plus interest, attorney fees, and costs as allowed by law.

40. The Assignment gives WG Legal, Inc. the right to pursue this Second claim for Relief as assignees of Weifield Group Contracting, Inc.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Weifield Group Contracting, Inc., and WG Legal, Inc. as assignee, pray for the following relief:

      A.      On the First Claim for Relief, judgment in Plaintiff Weifield Group Contracting, Inc.'s favor, and WG Legal, Inc.'s favor as assignee, and jointly and severally against Defendants Fluor Federal Solutions, LLC and National Union Fire Insurance Company of Pittsburgh, PA for damages in an amount which has not as yet been finally ascertained but which, exclusive of interest and costs, exceeds $4,527,223.00, together with prejudgment interest, interest on the judgment at the highest amount allowed by law, the costs of this action, and reasonable attorney fees as allowed by law;

      B.      On the Second Claim for Relief, judgment in Plaintiff Weifield Group Contracting, Inc.'s favor, and WG Legal, Inc's favor as assignee, and Defendant Fluor Federal Solutions, LLC for damages in an amount which has not as yet been finally ascertained but which, exclusive of interest and costs, exceeds $4,527,223.00, together with prejudgment interest, interest on the judgment at the highest amount allowed by law, the costs of this action, and reasonable attorney fees as allowed by law; and

      C.      Such other and further relief and the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Weifield hereby demands a trial by jury in this matter to be held in Cheyenne, Wyoming.

Dated this 16th day of October, 2025.

                                        DAVIS & CANNON, LLP

                       By: /s/ Andrew R. Wulf
                             Andrew R. Wulf (7-5911)
                             Davis & Cannon, LLP
                             422 W. 26th Street
                             PO Box 43
                             Cheyenne, WY 82003
                             307-634-3210
                             andrew@davisandcannon.com

*Attorney for Weifield Group Contracting, Inc. and WG Legal, Inc.*